WESLEY GIBBS v. THOMAS R. ALLEN.

Submitted March 18, 1915—Decided May 6, 1915.

After maturity and protest, for non-payment by the maker, of a promissory note, a renewal note of the same character was discounted and the original note paid out of the proceeds and surrendered to the endorser who passed it, with his endorsement uncanceled, to another in payment of his personal obligation. *Held,* that the note continued to be negotiable so far as the endorser was concerned, and by its reissue the endorser charged himself with a primary liability to his endorsee.

On appeal.

Before Justices TRENCHARD, BERGEN and BLACK.

For the plaintiff, *John A. Montgomery.*

For the defendant, *Frank S. Katzenbach, Jr.*

The opinion of the court was delivered by

BERGEN, J.   The defendant endorsed a promissory note made by one John K. Barnhart, as an accommodation endorser, which was bought by the Trenton Trust and Safe Deposit Company and protested at maturity, and subsequently paid out of the proceeds of another note given in renewal thereof.   The original note was surrendered to the endorser and passed by him, with his endorsement uncanceled, to the Hamer-Green Realty Company in part payment of mortgages amounting to $2,000 purchased by him of the realty company and by it transferred by delivery, without endorsement, to the plaintiff who credited the realty company with the amount of the note on an indebtedness existing between them, and then brought suit against the defendant on the note, which resulted in a judgment for the plaintiff, from which the defendant appeals upon the ground, that the trial court erroneously refused to order a nonsuit, or to direct a verdict in favor of the defendant.   At the time the note was passed by the defendant to the realty company, it and the defendant entered into a written agreement by the terms of which the defendant agreed to purchase from the company mortgages amounting to $2,000 to be paid, $400 in lumber and bricks already delivered, "and a note for $300 made by John Barnhart to the said Thomas R. Allen, which said note went to protest making a cost on the same of $1.54," and the difference between these sums, and the amount of the mortgages to be paid in cash.

The only specification upon which this appeal is rested is, "that the liability of the defendant upon the promissory note sued on was extinguished when the defendant paid the note to the Trenton Trust and Safe Deposit Company; that the agreement of November 25th, 1912, with the Hamer-Green Realty Company only transferred the defend-

ant's interest in said note against the maker;" that the plaintiff took the note subject to all equities between the parties, and the transfer to the plaintiff could revive no liability of the defendant on said note. The only question that seems to be present here is, whether an endorser upon a promissory note which has come into his possession after payment, can, after its reissue by him by endorsement, escape liability on his endorsement although he has personally received a good and valuable consideration for its transfer. We think this question must be answered in the negative. In *Story on Bills,* § 233, it is said, "Bills remain negotiable even after payment, so far as respects the parties who shall knowingly negotiate the same afterwards; for, in such a case, the negotiation cannot prejudice any other persons, and will only charge themselves," and this text seems to be supported by the authorities referred to in the notes on page 246. In *Mabry* v. *Matheny,* 10 *Sm. & M. (Miss.)* 323; 48 *Am. Dec.* 753, the action was on the defendant's endorsement of a promissory note, he having taken up the note after its maturity and endorsed it to the plaintiff. It was held, on demurrer, that a contract was stated on which the plaintiff had undoubtedly a right to recover, "as between endorser and endorsee, the endorsement is a new and distinct contract * * * Bills and notes lose their negotiable character after payment, as respects the original parties. But a party who shall knowingly negotiate a note or bill after payment, binds himself." See also 7 *Cyc.* 790, and cases there cited. The law seems to be well settled that when an endorser of a promissory note endorses it to another after maturity, he becomes liable as an endorser to his endorsee without regard to the liability of the maker or prior endorsers, and the error complained of by the defendant in his specification of the point of law with which he is dissatisfied, has no support in legal jurisprudence.

The judgment will be affirmed, with costs.